UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BN FARM LLC d/b/a THE FARM BAR AND GRILLE ESSEX, BNIPSWICH LLC d/b/a FOX CREEK TAVERN f/k/a EN FUEGO COCINA MEXICANA, BN MARINA LLC, BNR BEVERLY INC. d/b/a EN FUEGO BEVERLY, BNR SALISBURY LLC d/b/a PORTSIDE WATERFRONT KITCHEN & BAR, BNR METHUEN LLC d/b/a THE MILLER'S TAVERN a/k/a THE MILLER TAVERN, BNFARMDOVER, LLC d/b/a THE FARM BAR & GRILLE DOVER, BNRFARMMANCH LLC d/b/a THE FARM BAR & GRILLE MANCHESTER, BNR HAMPTON LLD d/b/a THE 401 TAVERN and BN REALTY LIMITED LIABILITY COMPANY,<br>        Plaintiffs,<br><br>v.<br><br>THE CINCINNATI CASUALTY COMPANY,<br>        Defendant. | C.A. NO. 1:20-cv-10874-MBB |

**MOTION FOR SUMMARY JUDGMENT OF**
**CINCINNATI CASUALTY COMPANY**

Pursuant to Fed. R. Civ. P. 56, Cincinnati Casualty Company moves for judgment as a matter of law as to Plaintiffs' Complaint in its entirety and further seeks judgment in its favor as to its Counterclaim for Declaratory Judgment. Cincinnati Casualty Company requests this relief on the following basis and as set forth in its accompanying Memorandum of Law.

1. Plaintiffs, the owners and operators of a group of affiliated restaurants in Massachusetts and New Hampshire insured under a policy of insurance issued by Defendant Cincinnati Casualty Company ("CIC"), initiated this action seeking declaratory judgment and/or

damages for breach of contract after CIC denied coverage for claims seeking recovery for alleged lost income or profits and increased expenses sustained as a result of the temporary cessation of the Plaintiffs' operations after Governors Baker and Sununu issued emergency orders prohibiting indoor dining in response to the Covid-19 Pandemic. See Plaintiff's Complaint, Document No. 1, at ¶¶ 36-37.

2. No material dispute exists concerning the Plaintiffs' status as named insureds, nor as to the terms, conditions, issuance, and effective date of the Policy. See Plaintiffs' Complaint, Document No. 1, at ¶¶ 44-46, and Exhibit 1 to Plaintiffs' Complaint; Defendant's Answer, Document No. 11, at ¶¶ 44-46, and Exhibit A to Defendants' Answer and Counterclaim.

3. The Parties, further, agree that the Policy includes coverage for "Business Interruption" and "Extra Expense" sustained as a result of a "Covered Cause of Loss;" and acknowledge that the coverage afforded by the Policy is subject to the definitions, terms, conditions, and exclusions contained therein. See Answer and Counterclaim, Doc. No. 11 at ¶¶ 10-12; Plaintiffs' Answer to Counterclaim, Doc. No. 12, at ¶¶ 10-12. (Admitting that the coverage afforded by the policy is subject to terms, conditions and exclusions of the policy, and disputing only the effect of said terms, conditions, and exclusions).

4. The terms, conditions, issuance, and effect, and effective date of the emergency orders issued by Massachusetts and New Hampshire are, likewise, not in dispute for the purposes of this Motion. Plaintiffs acknowledge in their Complaint that the emergency orders did not prohibit the preparation, sale, or service of food for off-site consumption (i.e., take-out or delivery).

5. As the terms, conditions, and effective date of the Policy are not disputed, nor are the circumstances of the underlying claim, the Plaintiffs' Complaint -- and Defendant's

Counterclaim -- present only discrete questions of contract interpretation that may be determined as a matter of law.

6. Defendant is entitled to judgment as a matter of law as to the Complaint because the Plaintiffs fail to present any admissible evidence of direct physical loss or damage to property.

7. Defendant is also entitled to judgment as a matter of law as to Count III of the Plaintiffs' Complaint, because the emergency orders at issue did not prohibit access to an area surrounding "damaged property," and were not issued "as a result of the damage," and therefore, the temporary closures were not the result of a civil authority order within the meaning of the Policy.

8. Defendant is also entitled to judgment as a matter of law as to Count I of the Plaintiffs' Complaint, and each count of Defendants' Counterclaim, for the reasons set forth above, and is entitled to a declaration providing that Policy does not afford coverage for the alleged financial losses sustained by the Plaintiffs as a result of the temporary closures of their businesses.

Wherefore, Defendant respectfully requests that this honorable court enter judgment in its favor as to each count of the Plaintiff's Complaint, and as to each count of its Counterclaim.

>Respectfully submitted,
>The Defendant and Plaintiff-in-Counterclaim
>THE CINCINNATI INSURANCE COMPANY
>By its attorneys,
>
>*/s/ Robert L. Ciociola*
>Robert L. Ciociola, BBO# 084140
>Nora R. Adukonis, BBO#676932
>LITCHFIELD CAVO LLP
>6 Kimball Lane, Suite 200
>Lynnfield, MA 01940
>(781) 309-1503
>ciociola@litchfieldcavo.com

3

**CERTIFICATE OF SERVICE**

      I, Robert L. Ciociola, hereby certify the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 4, 2020.

                                        */s/ Robert L. Ciociola*
                                        Robert L. Ciociola