UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BN FARM LLC d/b/a THE FARM BAR AND GRILLE ESSEX, BNIPSWICH LLC d/b/a FOX CREEK TAVERN f/k/a EN FUEGO COCINA MEXICANA, BN MARINA LLC, BNR BEVERLY INC. d/b/a EN FUEGO BEVERLY, BNR SALISBURY LLC d/b/a PORTSIDE WATERFRONT KITCHEN & BAR, BNR METHUEN LLC d/b/a THE MILLER'S TAVERN a/k/a THE MILLER TAVERN, BNFARMDOVER, LLC d/b/a THE FARM BAR & GRILLE DOVER, BNRFARMMANCH LLC d/b/a THE FARM BAR & GRILLE MANCHESTER, BNR HAMPTON LLD d/b/a THE 401 TAVERN and BN REALTY LIMITED LIABILITY COMPANY,<br>　　　　　Plaintiffs,<br><br>v.<br><br>THE CINCINNATI CASUALTY COMPANY,<br>　　　　　Defendant. | C.A. NO. 1:20-cv-10874-MBB<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>**Oral Argument Requested** |

**CINCINNATI CASUALTY COMPANY'S
CROSS MOTION FOR SUMMARY JUDGMENT**

Pursuant to Fed. R. Civ. P. 56, Defendant, The Cincinnati Casualty Company ("Cincinnati"), moves for judgment as a matter of law as to Plaintiffs' First Amended Complaint in its entirety and further seeks judgment in its favor as to its Counterclaim for Declaratory Judgment. Cincinnati requests this relief on the following grounds and as set forth in its accompanying Memorandum of Law.

1.　　Plaintiffs, the owners and operators of a group of affiliated restaurants in Massachusetts and New Hampshire insured under a policy of insurance issued by Cincinnati, filed

this action after Cincinnati denied coverage for Plaintiffs' claims seeking recovery for alleged financial losses when Plaintiffs temporarily suspended certain operations in response to COVID-19-related government orders in Massachusetts and New Hampshire.

2.      As set forth in the Joint Statement of Fact, no material dispute exists concerning the Plaintiffs' status as named insureds, nor as to the terms, conditions, issuance, and effective date of the Policy. Similarly, the terms, conditions, issuance, effect, and effective dates of the Massachusetts and New Hampshire Orders are not in dispute for the purposes of this Motion. Plaintiffs acknowledge in their Complaint and the Joint Statement of Fact that the emergency orders did not prohibit the preparation, sale, or service of food for off-site consumption (i.e., take-out or delivery).

3.      As the terms, conditions, and effective date of the Policy are not disputed, nor are the circumstances of the underlying claim, the Plaintiffs' Complaint – and Defendant's Counterclaim – present questions of contract interpretation that may be determined as a matter of law.

4.      As set forth in the attached Memorandum, Cincinnati is entitled to judgment as a matter of law as to Plaintiffs' First Amended Complaint because the Plaintiffs fail to present any admissible evidence of direct physical loss or damage to property.

5.      Defendant is also entitled to judgment as a matter of law because the Policy's Civil Authority coverage requires direct physical loss or damage to property other than Plaintiffs' property. And, that physical damage must cause a civil authority to issue an order prohibiting access to the Plaintiffs' premises. Here, Plaintiffs do not allege or produce any facts to show that any of these things occurred. Just as the virus is not causing direct physical damage to Plaintiffs'

premises, it is not causing direct physical damage to other property. Likewise, the virus and the Orders are not prohibiting access to Plaintiffs' premises.

6. Cincinnati is entitled to judgment as a matter of law as to each Count of Plaintiffs' Complaint, and each count of Cincinnati's Counterclaim, for the reasons set forth above. Cincinnati is also entitled to a declaration providing that the Policy does not afford coverage for the alleged financial losses sustained by the Plaintiffs.

Wherefore, Cincinnati respectfully requests that this honorable court enter judgment in its favor as to each count of the Plaintiffs' Complaint, and as to each count of its Counterclaim.

> Respectfully submitted,
> The Defendant and Plaintiff-in-Counterclaim
> THE CINCINNATI CASUALTY COMPANY
> By its attorneys,
>
> */s/ Robert L. Ciociola*
> Robert L. Ciociola, BBO# 084140
> Nora R. Adukonis, BBO#676932
> LITCHFIELD CAVO LLP
> 6 Kimball Lane, Suite 200
> Lynnfield, MA 01940
> (781) 309-1503
> ciociola@litchfieldcavo.com

## **CERTIFICATE OF SERVICE**

      I, Robert L. Ciociola, hereby certify the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 3, 2021.

                                            */s/ Robert L. Ciociola*
                                            Robert L. Ciociola